**FRANK P. ROSEN, SBN 31077**
**2625 Townsgate Road, Ste. 330**
**Westlake Village, CA 91361**
**Tel:  (805)267-1107**
**Cell: (818)426-1994**
**Email:calattorney@fprlaw.com**

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Counter Claimant
KING TACO RESTAURANT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AMADOR JACOBO, | CASE NO.  2-17-CV-02178 JAK |
| Plaintiff, | COUNTERCLAIM FOR UNFAIR BUSINESS PRACTICES; BREACH OF COVENANT OF GOOD FAITH/FAIR DEALING; TRESPASS; AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS., AND NEGLIGENCE |
| vs. | |
| KING TACO RESTAURANT, INC., etc. | |
| Defendant. | |
| | *[ASSIGNED FOR ALL PURPOSES TO THE HONORABLE JOHN A. KRONSTADT, COURTROOM 840]* |
| KING TACO RESTAURANT, INC., a California Corporation, | COMPLAINT FILED: March 20, 2017 |
| Counter  Claimant | TRIAL DATE: None Assigned |
| Vs. | |
| JOSE AMADOR JACOBO, and Roes 1 through 10, inclusive. | |
| Counter Defendant | |

COINTER CLAIMANT, KING TACO RESTAURANT, INC., for itself, and itself alone counterclaims to  plaintiff's complaint as follows:

<u>COMMON FACTS</u>

1.      Counter claimant is, and at all times herein mentioned was, a corporation duly

**COUNTERCLAIM**

1  organized and existing under the laws of the State of California, with its principal place of
2  business in the County of Los Angeles, State of California.

3      2.      Counter defendants, Jose Amador Jacobo and Roes 1 through 10, inclusive, are,
4  and at all times herein mentioned were, a residents of the County of Los Angeles, State of
5  California

6      3.      Counter claimant is unaware of the true names and capacities of counter
7  defendants sued herein as Roes 1 through 10, and therefore sues said counterdefendants by
8  such fictitious names.  It is informed and believes, and upon such information and belief
9  alleges, that each of the counter defendants designated herein as a Roe, is legally responsible
10 in some manner or fashion for some or all of the events and happenings claimed herein.
11 Counter  claimant will seek leave of court to show the true names and capacities of the
12 Counter  defendants so designated when the same have been ascertained.

13     4.      Counter  claimant is informed and believes, and thereupon alleges, that, at all
14 times herein mentioned, counter defendants, Jose Amador Jacobo and Roes 1 through 10,
15 inclusive were the agents or employees of each of the others, and in doing or omitting the
16 things hereinafter alleged, were acting within the course and scope of such agency or
17 employment.

18     5.      Counter claimant is the owner and operator of a certain restaurant business
19 located at 1951 South San Pedro Street, Los Angeles, California..

20     6.      Counter defendant alleges in his complaint that he is a disabled person confined
21 to a wheelchair, and that on January 3, 2017 and February 6, 2017, he visited counter
22 claimant's restaurant referred to in his complaint, but because certain accommodations
23 required by law were not furnished by counter  claimant, he was denied equal access under
24 the federal Americans with Disabilities, California Disabled Persons, and the California
25 Unruh acts.

26 FIRST Counter CLAIM AGAINST Counter DEFENDANTS JOSE AMADOR JACOBO
27                          AND ROES 1-5, INCLUSIVE
28                          UNFAIR BUSINESS PRACTICE

**COUNTERCLAIM**

a. Counter claimant realleges paragraphs 1 through 6, inclusive of the Common Facts; with the same force and effect as though herein set forth in full.

b. Counter defendants engage in the business of generating, initiating, and perpetuating claims against businesses in various counties in the State of California, including, but not limited to counter claimant's business, by entering upon such business premises under false pretenses, formulating claims for lack of disability access, filing legal actions on those claims, seeking compensation without actual injury, and attempting to extract money from said business establishments, including, counter claimant, for itself, and itself alone, all the while engaging in unfair practices prohibited by Business and Professions code, Section 17200, *et. seq*.

c. As a proximate result of counter defendants' conduct counter claimant sustained special damages in an amount unascertained at the present time, and it will request leave of court to amend the complaint to show the actual damages when the same are ascertained, or to show them according to proof at the time of trial.

d. Counter defendants engaged in such conduct with conscious disregard of counter claimant's rights and the rights of its business operations, and undertook such conduct wilfully and with fraud and oppression such as to justify an award of punitive damages, according to proof.

e. Cross claimant is informed and believes, and upon such information and belief allegesthat Cross defendants at various times has filed in excess of 50 similar cases in various county and federal districts in the State of California.

<u>SECOND CROSS CLAIM AGAINST CROSS DEFENDANTS JOSE AMADOR JACOBO AND ROES 1-5, INCLUSIVE</u>

BREACH OF IMPLIED COVENANT OF GOOD/FAIR DEALINGS

a. Cross claimant realleges paragraphs 1 through 7, inclusive of the Common Facts; with the same force and effect as though herein set forth in full

b. On or about the date counter defendant, Jacobo set forth in his complaint as the dates alleged injuries occurred, he entered upon counter complainant's property under the purported

guise of being a regular customer of establishments on that property. After such entry counter defendant exceeded the limited consent to enter as a customer and wrongfully and unlawfully engaged in divergent conduct without counter claimant's consent, and thereupon conducted his own self serving pre-litigation discovery on the premises, including but not limited to taking photographs of the facilities without counter claimant's consent, loitered upon the premises while posing as a customer of counter claimant, took over possession of certain areas of the property for his own use and business purposes to the exclusion of counter Claimant's bonafide visitors, and interfered with its normal conduction of its business.

c. As a proximate result of counter defendants' conduct counter claimant sustained special damages in an amount unascertained at the present time, and it will request leave of court to amend the counterclaim to show the actual damages when the same are ascertained, or to show them according to proof at the time of trial.

d. Counter defendants engaged in such conduct with conscious disregard of counter claimant's rights and the rights of its business operations, and undertook such conduct wilfully and with fraud and oppression such as to justify an award of punitive damages, according to proof.

THIRD CROSS CLAIM AGAINST CROSS DEFENDANTS JOSE AMADOR JACOBO
AND ROES 1-5, INCLUSIVE

INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

a. Counter claimant realleges paragraphs 1 through 6, inclusive of the Common Facts; with the same force and effect as though herein set forth in full.

b. On or about the date plaintiff set forth in his complaint as the date his alleged injuries occurred, he entered upon counter claimant's property under the purported guise of being a regular customer of establishments on that property. After such entry plaintiff exceeded the limited consent to enter as a customer and wrongfully and unlawfully engaged in divergent conduct, without counter claimant's consent, and thereupon conducted his own self serving pre-litigation discovery on the premises, including but not limited to taking photographs of the facilities without counter claimant's consent, loitered upon the premises

while posing as a customer of counter claimant, took over possession of certain areas of the property for his own use and business purposes to the exclusion of counter claimant's bonafide visitors, and interfered with its normal conduction of its business.

c. As a proximate result of counter defendant's conduct counter claimant sustained special damages in an amount unascertained at the present time, and it will request leave of court to amend the counterclaim to show the actual damages when the same are ascertained, or to show them according to proof at the time of trial.

d.      Counter defendants, Roes 1 through 5 and each of them engaged in such conduct with conscious disregard of counter claimant's rights and the rights of its business operations, and undertook such conduct wilfully and with fraud and oppression such as to justify an award of punitive damages, according to proof.

FOURTH CROSS CLAIM AGAINST CROSS DEFENDANTS JOSE AMADOR
JACOBO AND ROES 1-5, INCLUSIVE

TRESPASS

a. Counter claimant realleges paragraphs 1 through 6, inclusive of the Common Facts; with the same force and effect as though herein set forth in full.

b. On or about the date cf set forth in his complaint as the dates his alleged injuries occurred, counter defendant entered upon claimant's property under the purported guise of being a regular customer of establishments on that property. After such entry counter defendant exceeded the limited consent to enter as a customer and wrongfully and unlawfully engaged in divergent conduct, without counter claimant's consent, and thereupon conducted his own self serving pre-litigation discovery on the premises, including but not limited to taking photographs of the facilities without counter claimant's consent, loitered upon the premises while posing as a customer of counter claimant, took over possession of certain areas of the property for his own use and business purposes to the exclusion of counter claimant's bonafide visitors, and interfered with its normal conduction of its business.

c. As a proximate result of counter defendants' conduct counter claimant sustained special damages in an amount unascertained at the present time, and it will request leave of

court to amend the complaint to show the actual damages when the same are ascertained, or to show them according to proof at the time of trial.

d. Counter defendants engaged in such conduct with conscious disregard of counter claimant's rights and the rights of its business operations, and undertook such conduct wilfully and with fraud and oppression such as to justify an award of punitive damages, according to proof.

FIFTH CROSS CLAIM AGAINST CROSS DEFANDANTS, JACOBO AND

ROES 5-10, INCLUSIVE

NEGLIGENCE

a. drealleges paragraphs 1 through 6, inclusive  of the Common Facts;  with the same force and effect as though herein set forth in full.

b. Counter defendants had a duty observe the premises thoroughly to determine whether they were not in compliance with the Americans With Disabilities Act. They breached that duty by negligently failing to observe that the parking facilities were in compliance with the act, and as a direct and proximate result of his negligence, counter claimant sustained damages for expenses for answering the complaint and proceeding thereon including, but not limited to court costs and attorney fees, and other damages, the exact nature and extent of which are unknown to counter claimant, and it requests leave of court to amend this countercomplaint when the same are ascertained.

Counter claimant prays:

1.  For damages as shown by an amended or supplemental counter claim or according to proof;

2. For punitive damages according to proof;

3.  For attorney's fees, court costs, investigative costs and other expenses incurred in the defense of the complaint according to proof;

4. For costs of suit; and

///

///

**COUNTERCLAIM**

5. For such other and further relief as the court may deem just and proper.

DATED:  August 2, 2017

/s/ Frank P. Rosen

FRANK  P.  ROSEN,  Attorney  for  Counter
Claimant, King Taco Restaurant.